# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between the Parties to the Agreement, as defined below and will be deemed entered into upon the date of full execution by all of the Parties:

1. Parties. The parties to this Agreement ("Parties") are:

    A. LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA (hereinafter referred to as "Trust Funds");

    B. PEREIRA BUILDING INDUSTRIES, a California Corporation (hereinafter referred to as "Employer"); and

    C. JEAN PAUL PEREIRA., individually (hereinafter "JEAN PAUL PEREIRA").

2. Recitals.

    A. Employer is signatory to a Collective Bargaining Agreement with the Northern California District Council of Laborers ("Union"), which incorporates by reference Trust Agreements for the Trust Funds, which requires it to make contributions to the Trust Funds, and submit to a periodic audit of its books and records so that the Trust Funds can determine if the Employer is making full and prompt payment of required contributions.

    B. Pursuant to the Agreements, the Trust Funds conducted an audit of the Employer's books and records covering the period of October 2014 to December 2015 ("the Audit"). The Trust Funds contend that the audit revealed Employer allegedly failed to make required contributions to the Trust Funds in the amount of $7,199.20 and liquidated damages and interest on these contributions are allegedly in the amount of $4,089.20. The Trust Funds filed suit against Employer, United States District Court Northern District of California, case number 4:18-cv-02516 SK ("the Lawsuit") to collect the alleged liability relating to the Audit and attorneys' fees.

    C. Plaintiffs' incurred the attorneys' fees and costs relating to the Lawsuit totaling in excess of $18,977.80 to date.

    D. The parties stipulate and agree that there is now due and owing the following sums by the Employer to the Trust Funds: (1) principal contributions in the amount of $7,199.20; (2) liquidated damages and

    interest in the amount of $4,089.20 relating to the audit; and (3) Attorneys' fees and costs relating to the Lawsuit in the amount of $18,977.80.

  E. Jean Paul Pereira, individually, agrees to personally guarantee the payment of the $13,988.05 payable under paragraph 5 below of this Settlement Agreement. A true and accurate copy of his respective Personal Guarantee Agreement is attached hereto.

  F. The Parties wish to resolve this matter without litigation. Jean Paul Pereira agrees to be added as a Defendant in the Lawsuit and to submit to the jurisdiction of the Court. The Parties agree to enter a Stipulated Judgment in the Lawsuit against Employer in the amount of $30,266.20 and against Jean Paul Pereira, individually, in the amount of $13,988.05. Plaintiffs agree that they will not take any steps to enforce the Stipulated Judgment, so long as Employer makes all payments as set out in Paragraph 5 below. The parties agree that if a Stipulated Judgment has been entered and there is an uncured default by Employer on its payment obligations under paragraph 5, without further notice, Trust Funds may take any collection action and/or post-judgment remedy that the Trust Funds chooses to collect the Stipulated Judgment.

    Within ten (10) days of receipt of the final payment provided under paragraph 5 below, the Trust Funds shall cause a Satisfaction of the Stipulated Judgment, if entered, to be filed with the court.

3. Agreement to Settle Disputes. Except as otherwise provided herein, the Parties to this Agreement wish to finally resolve and settle all disputes between them relating to or arising out of the liability referenced in 2.A., 2.B., 2.C. and 2.D above.

4. Terms. This Agreement memorializes the terms agreed to by the Parties; to the extent that it differs from or varies from any previous writing between the parties relating to the matters resolved herein, this Agreement shall supersede and replace such other communications and/or agreements.

  Therefore, in consideration of the mutual covenants contained herein, each of the Parties hereto, for themselves and their successors and assigns, hereby agrees as follows:

5. The Trust Funds agree to settle their claims for the amounts owed in paragraph 2.A, 2.B., 2.C and 2.D above in this Lawsuit for payment of $13,988.05 ("Settlement Sum") by Employer to Plaintiffs on the following conditions:

  A. A lump sum payment in the amount of $2,000.00 by cashier's check payable to the "LABORERS TRUST FUNDS" upon execution of this Settlement Agreement.

  B. Payments totaling $11,988.05 shall be made by in eighteen consecutive, monthly installments in the amount of $666.00 each beginning May 2019.

*10th* (handwritten, replacing 15th)

Each payment due under this paragraph shall be paid no later than the ~~15th~~ day of month in which the respective payment is due under and will be considered late if not received by the 20th day of the month the respective payment is due under this paragraph.

C. Employer shall remit the payments as described in Paragraph 5.A. and 5.B. by check made payable to "LABORERS TRUST FUNDS", directly to the Trust Fund office at:

Laborers Funds Administrative Office of Northern California, Inc.
220 Campus Lane
Fairfield, CA 94534-1498

D. The Parties hereto acknowledge that the payments above include the sum of $2,044.60[(.50)($4,089.20)], which is fifty percent of the liquidated damages and interest owed and the sum of $4,744.45 [.25($18,977.80)], which is twenty-five percent of the attorneys' fees incurred by Plaintiffs to date. If and only if all payments required by this Settlement Agreement are timely made, the Trust Funds agree to waive the remaining fifty percent of liquidated damages and interest in the amount of $2,044.60 and the remaining attorneys' fees and costs in the amount of $14,233.35 owed by Employer. However, to the extent that any payment required by this Settlement is not paid, then the Employer will be in default. In the event of Employer's default, as per Paragraph 7 below, there will be <u>no waiver of liquidated damages and interest owed or the attorneys' fees</u>, and the sum of $30,266.20 ($7,199.20 + $4,089.20 + $18,977.80) will be immediately due and owing by the Employer and Jean Paul Pereira, (up to the guaranteed sum of $13,988.05) less any payments made by Employer toward the Settlement Sum under this Paragraph.

E. In the event of the default by Employer of its payment obligations under paragraph 5 of this Settlement Agreement, Employer and Jean Paul Pereira will be in default of this Settlement Agreement, as per paragraph 7 below, the sum of $30,266.20, less any payments made by Employer toward the Settlement Sum under this paragraph, will be immediately due and payable by Jean Paul Pereira, individually pursuant to his Personal Guarantee (a copy of which is attached hereto).

6. <u>Obligation to Remain Current.</u> Employer agrees to remain bound to the applicable collective bargaining agreement and comply with its obligations to submit all fringe benefit contributions to the Trust Funds in a timely manner pursuant to the terms of the applicable collective bargaining agreement and Trust Agreements.

7. <u>Entry of Judgment and Enforceability.</u>

Jean Paul Pereira agrees to be added as a Defendant in the Lawsuit and to submit to the jurisdiction of the Court. Employer and Jean Paul Pereira, and each of them, stipulate and agree that Judgment will be entered in the Lawsuit in favor of

A general release does not extend to claims, which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Each party understands and agrees that this release extends to any lawsuit that it could file in state or federal court, or with any regulatory agency or public agency, concerning the subject matter of the Action or otherwise. Each party also understands that this release is not intended to and does not release any claim solely arising out of the obligations created by this Settlement Agreement. Each party represents that it is the sole and current possessor of the claims or causes of action being released herein by it.

22. <u>Cooperation.</u> The Parties agree to cooperate with one another and promptly execute any other reasonable and necessary documents, which are or may be required to effectuate the intent of this Settlement Agreement.

23. The parties hereto mutually state that they have read the foregoing Agreement and are fully aware of its contents and legal facts. This Agreement constitutes the entire agreement of the parties and is entered into on the dates below indicated.

24. The existing reasons for, and terms of, this Agreement shall not be publicized or disclosed by the Parties, except as follows: The Trustees of the Trust Funds may disclose the existing reasons for, and terms of, this Agreement in their discretion to discharge their fiduciary duties under ERISA. Additionally, the accountants or attorneys of the Parties may reveal the terms of this agreement if compelled to do so by law.

**EXECUTION BY PARTIES**

**FOR LABORERS TRUST FUNDS:**

Dated: ~~December __, 2018~~ April 30, 2019

Michelle Lauziere

**FOR PEREIRA BUILDING INDUSTRIES:**

Dated: ~~December __, 2018~~ April 22, 2019

Jean Paul Pereira
President

**FOR JEAN PAUL PEREIRA, INDIVIDUALLY:**

Dated: ~~December __, 2018~~ April 22, 2019

Jean Paul Pereira

145014\1022081

Settlement Agreement and Release of All Claims

**To:** Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California and Laborers Training and Retraining Trust Fund for Northern California ("Trust Funds")

From: Jean Paul Pereira

### PERSONAL GUARANTEE AND UNDERTAKING

**IN CONSIDERATION** of the Trust Funds having at my request agreed to enter into the Settlement Agreement between Pereira Building Industries and the Trust Funds (hereinafter the "Settlement Agreement"), a copy of which is attached hereto, I, Jean Paul Pereira (hereinafter the "Guarantor"), do hereby in my personal capacity undertake and agree with you, Trust Funds, as follows:

1. I, Guarantor, stipulate that that there is now due and owing the following sums by the Employer to the Trust Funds: (1) principal contributions in the amount of $7,199.20; (2) liquidated damages and interest in the amount of $4,089.20 relating to the audit; and (3) Attorneys' fees and costs relating to the Lawsuit in the amount of $18,977.80.

2. I, the Guarantor, do hereby guarantee payment to the Trust Funds, and its successors and assigns of the outstanding liability owed to the Trust Funds by Pereira Building Industries (hereinafter "Employer") in the amount of $13,988.05 in the event that Employer defaults on its payment obligations under Paragraph 5 of its Settlement Agreement, and fails to cure such default after receiving notice of such default under paragraph 8 of the Settlement Agreement. A fully executed copy of the Settlement Agreement, which I have read and understood the contents therein, is attached hereto.

3. This Guarantee shall extend to any obligations of Employer under any amendment, present or future, to the Settlement Agreement, including, without limiting the generality of the foregoing, any amendment which has the effect of extending the Payment Plan where time is of essence.

4. I acknowledge that the Settlement Agreement may be amended from time to time by the parties thereto without the prior consent of me, and it is hereby agreed that no such amendment shall release me from my liability under this Guarantee either in whole or in part.

1

5. My liability herein under this Guarantee and Undertaking shall continue despite the insolvency or winding-up of Employer until such time Employer shall have fully performed all the provisions, conditions, warranties, covenants and agreements contained therein the said Agreement.

        i)    6. If Employer defaults on any of its obligations under Paragraph 5 of the Settlement Agreement, upon your written demand to Employer's counsel by email (David@DHBLawFirm.com), I AGREE to immediately pay to the Trust Funds the sum of $13,988.05, less any payments received by the Trust Funds from Employer under paragraph 5 of the Settlement Agreement. I shall also pay to the Trust Funds interest on the amount due under this Guarantee and Undertaking at the rate of ten percent (10%) per annum calculated from the date of Employer's default under the Settlement Agreement until full payment thereof, and will indemnify you, Trust Funds, against all attorneys' fees and costs which may be incurred and/or suffered by you by reason of any uncured default on the part of Employer in performing or observing the payment obligations contained in Paragraph 5 of the Settlement Agreement. Should I fail to immediately pay the sum of $13,988.05, less any payments received by the Trust Funds from Employer under paragraph 5 of the Settlement Agreement, the Trust Funds may immediately and without exhausting their recourse against Employer, or any other parties, execute on the judgment entered against me, individually, in United States District Court Northern District of California, case number 4:18-cv-02516 SK.

7. This Guarantee embodies all the agreements between the parties hereto relating to the Guarantee, and none of the parties shall be bound by any representation or promise made by any person relative thereto which is not embodied herein, and it is specifically agreed that you, Trust Funds, shall not be bound by any representations or promises made by Employer to me as the Guarantor.

8. This Guarantee shall be of a continuing nature and shall secure the Guarantied obligations that may be due from time to time and at any time from Employer to you, notwithstanding that the Guaranteed obligations may change from time to time or may at any time be amended or deleted.

2

9.  You, Trust Funds shall not be required to inquire into the powers of Employer or any agents acting or purporting to act on its behalf, and any obligations to you incurred in the professed exercise of the rights and positions of Employer under the Settlement Agreement shall be deemed to be part of the Guarantied obligations, even though the actions in so doing may be in excess of the powers of Employer or of its professed agent or may be in any way irregular, defective or informal.

10. (1) This Guarantee shall be absolute and non-conditional and shall be effective from the date hereof.

(2) This Guarantee and Undertaking shall be governed by and construed in all respects in accordance with the laws of the state of California, but in enforcing this Guarantee and undertaking, you are at liberty to initiate and take action or proceedings or otherwise against me in California or elsewhere as you may deem fit, and I hereby agree that where any actions or proceedings are initiated and taken in the state of California, I shall submit to the jurisdiction of the courts in the state of California in all matters connected with my obligations and liabilities under or arising out of this Guarantee and Undertaking. I also agree to be added as a Defendant in United States District Court Northern District of California, case number 4:18-cv-02516 SK ("the Lawsuit") and to submit to the jurisdiction of the Court for the purposes of enforcing the Settlement Agreement and this Personal Guaranty. I further agree to have judgment entered against me in the Lawsuit for any and all amounts due and owing under by me to Plaintiffs under the Settlement Agreement and this Personal Guarantee. Any writ, judgment or other notice of legal process shall be sufficiently served on me if delivered to or sent by ordinary or registered post to my address: 733 5th St. #301, West Sacramento, CA 95605. You will also provide courtesy copies of all documents served on me to David Bartholomew, Attorney at Law, 9000 Leatham Avenue, PO Box 1297, Fair Oaks, CA 95628.

11. My liabilities herein as the Guarantor shall be irrevocable.

12. All notice to me may be sent by registered or certified mail or by prepaid courier, addressed to my address set out hereinabove, or by delivering it by hand to me at the said address

3

hereinabove, and any notice sent by mail or by courier shall be deemed to be served on me on the third business day following the mailing thereof. You will also provide courtesy copies of all notices served on me to: Attention: David Bartholomew, Attorney at Law, 9000 Leatham Avenue, PO Box 1297, Fair Oaks, CA 95628.

13. You shall be at liberty to proceed against me under this Guarantee as though I am the principal, and I do hereby waive all and any of my rights as surety which may at any time be inconsistent with any of the provisions of this Guarantee.

14. I shall unless otherwise instructed by you in writing, pay to you all monies and satisfy all liabilities hereunder in United States Dollars, inclusive of any judgment or order made or registered against Employer. For the purpose of this clause, the rate of exchange means the rate at which you are able on or about the date of such payment to purchase, in accordance with your normal practice, the contractual currency with the payment currency and shall take into account (and I shall be liable for) any premium and other costs of exchange including any taxes or duties incurred by reason of any such exchange.

15. If any of the provisions of this Guarantee and Undertaking becomes invalid, illegal or unenforceable in any respect under any law, the validity, legality and enforceability of the remaining provisions of this Guarantee and undertaking shall not in any way be affected or impaired.

16. I hereby acknowledge that I have read and understood the contents of this Guarantee and Undertaking and I further warrant that I have sought independent legal advice in relation to this Guarantee and Undertaking AND I fully understand the legal implications and consequences of the same.

Dated: 4/30/19

Signature of Trust Funds

Dated: 4/22/19

Signature of Guarantor Jean Paul Pereira, Individually

4

145014\1001924
145014\1022076